UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
NORMAN P. DEEP, JR.,

                              Plaintiff,

        -v-                                      6:07-CV-1144

CLINTON CENTRAL SCHOOL DISTRICT, et al.,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
NORMAN P. DEEP, JR.,

                              Plaintiff,

        -v-                                      6:08-CV-930

CLINTON CENTRAL SCHOOL DISTRICT, et al.,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                             OF COUNSEL:

A.J. BOSMAN, ESQ.
NORMAN P. DEEP, ESQ.
Attorneys for Plaintiff
6599 Martin Street
Rome, NY 13440

CALLI, CALLI & CULLY, ESQS.              HERBERT J. CULLY, ESQ.
Attorney for Plaintiff
510 Bleecker Street
Utica, NY 13501

FRANK W. MILLER, ESQ.
Attorney for Defendants
6575 Kirkville Road
East Syracuse, NY 13057

KERNAN PROFESSIONAL GROUP LLP            DAVID A. BAGLEY
Attorneys for Defendants
1310 Utica Street, Box 750
Oriskany, NY 13424

DAVID N. HURD
United States District Judge

<h1 style="text-align:center"><u>MEMORANDUM-DECISION and ORDER</u></h1>

## I. <u>INTRODUCTION</u>

A jury trial was held in this matter on November 30, and December 1, 2, and 7, 2009.  The jury rendered a verdict of no cause of action in favor of the defendants against plaintiff, and a judgment was entered accordingly.

Plaintiff Norman P. Deep, Jr. ("plaintiff" or "Deep") timely filed a motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50, or, in the alternative, a new trial pursuant to Fed. R. Civ. P. 59(a), (e).  Defendants opposed and plaintiff replied in further support.  Plaintiff's motion was taken on submission without oral argument.

## II. <u>STANDARDS</u>

### A. <u>Rule 50(b) Motion for Judgment as a Matter of Law</u>

In considering a motion for judgment as a matter of law, the evidence must be considered in the light most favorable to the non-movant, and all inferences must also be drawn in the non-movant's favor.  <u>Nimely v. City of New York</u>, 414 F.3d 381, 390 (2d. Cir. 2005).  Conflicting evidence cannot be weighed and the witnesses' credibility cannot be judged.  <u>Id</u>.  The judgment of the jury cannot be supplanted.  <u>Id</u>.  The motion may be granted only where there was "no legally sufficient evidentiary basis for a reasonable jury to find" in the non-movant's favor.  Fed. R. Civ. P. 50(a); <u>Nimely</u>, 414 F.3d at 390.  That is, the motion may not properly granted unless "there is 'such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and

conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against [the moving party].'" LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 429 (2d Cir. 1995) (alteration in original) (quoting Song v. Ives Labs., Inc., 957 F.2d 1041, 1046 (2d Cir. 1992)).

### B. Rule 59(a), (e) Motion for a New Trial

On a motion for a new trial, "the trial judge is free to weigh the evidence himself and need not view it in the light most favorable to the verdict winner." Bevevino v. Saydjari, 574 F.2d 676, 684 (2d Cir. 1978). However, the mere fact that the trial judge may not agree with the jury's verdict is no reason alone to grant a new trial. Mallis v. Bankers Trust Co., 717 F.2d 683, 691 (2d Cir. 1983). Grant of a new trial is warranted only where the court "'is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.'" Sorlucco v. New York City Police Dep't, 971 F.2d 864, 875 (2d Cir. 1992)(quoting Smith v. Lightning Bolt Produc., Inc., 861 F.2d 363, 370 (2d Cir. 1988)).

## III. DISCUSSION

Plaintiff argues that he is entitled to judgment as a matter of law of in the alternative for a new trial on five grounds: (1) the verdict was inconsistent; (2) the evidence was improperly restricted; (3) defendants tainted the jury with testimony about events outside the date restrictions set by the court; (4) defendants' failed to sufficiently support their affirmative defense; and (5) the jury charge was incorrect. Each argument is addressed in turn.

## A. Inconsistent Verdict

Plaintiff contends that because the second question on the verdict forms did not include the members of the Board of Education, the "yes" answer to the first question[1] amounted to a finding of liability against the Board members.  However, the verdict forms precluded the jury from answering the damages question because the jury found defendants' proved their affirmative defense, that is, that defendant Jeffrey Roudebush ("Roudebush") would not have recommended plaintiff for the positions even in the absence of the earlier lawsuit.[2]  Plaintiff argues that there was no evidence that the Board would have made the

---

[1]  Question 1 of the verdict form in 6:07-CV-1144 read as follows:

Do you find that plaintiff Norman P. Deep, Jr.'s filing a lawsuit in July 2006, was a motivating factor in defendant Jeffrey Roudebush's decision not to recommend plaintiff as Interim Athletic Director in October 2007, and the Board of Education's failure to appoint him?

Jury Verdict Doc. No. 93.

Question 1 of the verdict form in 6:08-CV-930 read as follows:

Do you find that plaintiff Norman P. Deep, Jr.'s filing a lawsuit in July 2006, was a motivating factor in defendant Jeffrey Roudebush's decision not to recommend plaintiff as Athletic Director in July 2008, and the Board of Education's failure to appoint him?

Jury Verdict Doc. No. 59.

[2]  Question 2 of the verdict form in 6:07-CV-1144 read as follows:

Do you find that defendant Jeffrey Roudebush would not have recommended plaintiff Norman P. Deep, Jr. as Interim Athletic director in October 2007, even if plaintiff had not filed a lawsuit in July 2006?

Jury Verdict Doc. No. 93.

Question 2 fo the verdict form in 6:08-CV-930 read as follows:

Do you find that defendant Jeffrey Roudebush would not have recommended plaintiff Norman P. Deep, Jr. as Interim Athletic Director in October 2007, even if plaintiff had not filed a lawsuit in July 2006?

(continued...)

same decision in the absence of the 2006 lawsuit.  According to plaintiff, this purported

inconsistency requires entering a judgment of liability in plaintiff's favor against the Board

member defendants.

The verdicts are not inconsistent.  The only manner in which the Board members

could have chosen plaintiff for the Interim and Permanent Athletic Director positions was if

Roudebush put his name before the Board and recommended him.  When the jury found that

Roudebush would not have recommended plaintiff even without the protected activity (filing a

lawsuit in 2006), it necessarily follows that the Board could not appoint him.  It is irrelevant

whether there was or was not evidence that the Board members knew of the 2006 lawsuit.

Further, any evidence that the Board would have made the same decision regardless of

plaintiff's 2006 lawsuit was unnecessary given that without Roudebush's recommendation,

they would not have even considered him for the positions.  Plaintiff's motion based upon an

inconsistent verdict is not well taken.

## B. <u>Restriction of Evidence</u>

Plaintiff argues that it was error to prohibit plaintiff from addressing the merits of the

2006 lawsuit, which was the protected speech that he alleged spurred retaliation.  According

to plaintiff, revealing the facts going to the merits of the 2006 lawsuit would have provided

evidence of pretext.

Plaintiff provides no authority in support of his assertion that he should have been

permitted to re-try claims brought in the 2006 lawsuit that he settled.  Additionally, he was

---

[2](...continued)
Jury Verdict Doc. No. 59.  Both verdict forms provided that if Question 2 was answered in the affirmative, deliberations were concluded (in favor of defendants).  <u>See</u> Jury Verdict Doc. No. 93 (6:07-CV-1144); Jury Verdict Doc. No. 59 (6:08-CV-930).

permitted to put forth the fact of the prior lawsuit, as well as generally its subject matter. There was no error in these evidentiary rulings.

Moreover, despite plaintiff's arguments to the contrary, the jury verdict would not have been different if this evidence had been introduced. The jury found that the filing of the 2006 lawsuit was a motivating factor in Roudebush's decision not to recommend plaintiff for each of the positions at issue, but that he would not have made such recommendation even if plaintiff had not filed the prior lawsuit. Thus, additional evidence going to Roudebush's motivation in not recommending plaintiff for the position would merely have been cumulative. Further, there was ample evidence in the record of reasons why Roudebush declined to recommend plaintiff for the positions (other than the 2006 lawsuit), which provided a legally sufficient evidentiary basis for the jury's finding in favor of defendants.

Plaintiff also argues that defendant Guy Van Baalen ("Van Baalen") was "impermissibly protected" by precluding evidence regarding Van Baalen's purported evasion of service. The manner in which Van Baalen was served process in this lawsuit was irrelevant to the issues that were before the jury. There was not error in precluding such evidence.

### C. Defendants' Evidence Outside Restrictions

Plaintiff argues that defendants were permitted, via the testimony of Richard D. Hunt ("Hunt"), principal of Clinton Central High School, to mention precluded witnesses and the fitness center which were outside the time line for permissible evidence. Plaintiff's

objection was overruled to permit Hunt to testify as to the basis of his opinion that plaintiff had a difficult relationship with school staff and members of the community.  Further, at the time of this testimony, the jury was given a limiting instruction as to this testimony.  <u>See</u> Bosman Aff. Ex. H at 22, Doc. No. 99-9.  There is no merit to plaintiff's argument in this regard.

### D.  <u>Insufficient Evidence in Support of Affirmative Defense</u>

Next plaintiff contends that defendants did not have sufficient evidence to support their affirmative defense that they would have made the same decision (to not hire plaintiff for the positions at issue) even if the 2006 lawsuit had not been filed.  Plaintiff points to subjective opinions of witnesses, impeachment of witnesses by prior inconsistent statements, and undisputed testimony by plaintiff as to Hunt's motivation.

Evaluation of witnesses' testimony, including where it is impeached by prior inconsistent statements, is within the province of the jury.  Impeachment by itself does not prevent a jury from crediting all or part of a witness's testimony.  Similarly, contradictions in testimony by the parties are for the jury to resolve.  Here the jury resolved these issued in favor of defendants, and sufficient evidence supported the jury's verdict.

### E.  <u>Jury Charge</u>

Plaintiff's final argument is that it was error to refuse his request to charge the jury with respect to pretext.

The inquiry in a First Amendment retaliation case has three parts.  <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287, 97 S. Ct. 568, 576 (1977).  First plaintiff

must establish that his activity was protected activity.  Id.  Next, the activity must have been a "substantial" or "motivating" factor in the adverse employment decision.  Id.  If the plaintiff carries this burden, then defendants have the burden of establishing that they "would have reached the same decision . . . even in the absence of the protected conduct."  Id.

This three-part test was how the jury was charged in this case.  It was stated that the filing of the 2006 lawsuit was protected activity.  Thus, the jury was instructed that plaintiff had the burden of proving by a preponderance of the evidence that the filing of the 2006 lawsuit was a substantial or motivating factor in Roudebush not recommending plaintiff for the position at issue, and the Board for not hiring him.  The jury was instructed that if the plaintiff met this burden, then the defendants were required to establish their Mt. Healthy defense by a preponderance of the evidence, that is, that Roudebush would not have recommended plaintiff for the position at issue even in the absence of the filing of the 2006 lawsuit.  There was no error in the jury instruction.

IV.  **CONCLUSION**

The jury verdict was not inconsistent.  Prohibiting plaintiff to adduce evidence which would in essence re-litigate the 2006 lawsuit that the parties settled was proper.  Moreover, it was proper to preclude irrelevant evidence regarding a purported evasion of service by one of the individual defendants.  There was no error in permitting testimony for the purpose of providing the basis for Hunt's opinion, particularly in light of the limiting instruction given.  Defendants adduced sufficient evidence to support the jury's finding that their Mt. Healthy defense was established by a preponderance of the evidence.  Finally, the jury charge as to the Mt. Healthy defense was proper.

Accordingly, it is

ORDERED that plaintiff's motion for judgment as a matter of law or for a new trial is

DENIED.

It is so ordered.

_____
United States District Judge

Dated: July 22, 2010
         Utica, New York.